**In re John H. PARTRIDGE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 447514).**

**Nos. 02–BG–770, 02–BG–1156, 03–BG–537 and 04–BG–2.**

District of Columbia Court of Appeals.

Submitted Jan. 19, 2005.

Decided Feb. 3, 2005.

Before TERRY, Associate Judge, and KERN and FERREN, Senior Judges.

PER CURIAM:

Following four disciplinary proceedings in the Commonwealth of Virginia, each involving increasingly serious findings of professional misconduct,[1] the respondent, John H. Partridge, a member of the Virginia Bar and the bar of this court, consented to the revocation of his license to practice law in Virginia.

Respondent's reprimands, suspension, and eventual revocation by consent were reported to this court, and we suspended him pursuant to D.C. Bar R. XI, § 11(d) and referred the matters to the Board on Professional Responsibility ("Board"). The Board now recommends the respondent be disbarred as reciprocal discipline. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation, and respondent has not filed any exception to the Board's report and recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, see In re Zdravkovich, 831 A.2d 964, 969 (D.C. 2003); D.C. Bar R. XI, § 11(f), the lack of anything in the record to indicate that reciprocal discipline is inappropriate, id. § 11(c), and our heightened deference to the Board when its recommendation is unopposed, id. § 11(f), we adopt the Board's recommendation. Accordingly, it is

ORDERED that John H. Partridge is disbarred from the practice of law in the District of Columbia. Given this disposition, case nos. 02–BG–770 and 02–BG–1156, which address the propriety of reprimanding respondent, are dismissed as moot. Bar Counsel is not, however, precluded from introducing evidence related to those matters in any reinstatement application filed by respondent. Moreover, since respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g); we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. See D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. These include, to name but a few, dishonesty, incompetence, neglect, and intentionally prejudicing or damaging a client.